UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL JENDROWSKI                                          Case No.: 1:20-cv-00068-CCR

            Plaintiff,

vs.

MIDWEST RECOVERY SYSTEMS, LLC

            Defendant.

_____

### DEFENDANT MIDWEST RECOVERY SYSTEMS, LLC'S
### ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Midwest Recovery Systems, LLC ("MRS") by and through its undersigned counsel, Lippes Mathias Wexler Friedman LLP, hereby submits this Answer with Affirmative Defenses to the Complaint filed by Plaintiff Daniel Jendrowski ("Plaintiff"), stating as follows:

### NATURE OF THE ACTION

1.      MRS admits that Jendrowski has alleged violations of the FDCPA, but denies all allegations in paragraph 1 of the complaint as well as any wrongdoing under the FDCPA.

### JURISDICTION AND VENUE

2.      MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 2 and therefore denies Paragraph 2

3.      MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 3 and therefore denies Paragraph 3.

### PARTIES

4.      MRS admits that Jendrowski is a natural person but denies any remaining allegations in paragraph 4 of the complaint for lack of knowledge.

5.      MRS admits Paragraph 5.

6.      MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 6 and therefore denies Paragraph 6.

## FACTUAL ALLEGATIONS

7.      MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 7 and therefore denies Paragraph 7.

8.      MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8 and therefore denies Paragraph 8.

9.      MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9 and therefore denies Paragraph 9.

10.     MRS denies Paragraph 10, as the account at issue is owed to Buffalo Emergency Associates.

11.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 11 and therefore denies Paragraph 11.  MRS was not servicing an account for Catholic Health Services but Buffalo Emergency Associates (a different entity).

12.     MRS lacks information or knowledge sufficient to form a belief about the truth of the allegation that the account was a "debt".  However, Defendant admits that the account arose in June of 2018 as a result of services provided by Buffalo Emergency Associates.  All other allegations in Paragraph 12 are denied.

13.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 13 and therefore denies Paragraph 13.  Catholic Health Services is not the creditor on the account, so it would not have information relating to the account.

14.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 14 and therefore denies Paragraph 14.  Catholic Health Services is not the creditor on the account, so it would not have information relating to the account.

15.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 15 and therefore MRS denies Paragraph 15. Catholic Health Services is not the creditor on the account, so it would not have information relating to the account.

16.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 16 and therefore MRS denies Paragraph 16.

17.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 17 and therefore denies Paragraph 17.

18.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 18 and therefore denies Paragraph 18.

19.     MRS denies Paragraph 19.

20.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 20 and therefore denies Paragraph 20.  Catholic Health Services is not the creditor on the account, so it would not have information relating to the account.  Kenmore Mercy Hospital is not the creditor on the account, so it would not have information relating to the account.

21.     MRS denies all allegations in Paragraph 21.

22.     MRS denies all allegations in Paragraph 22.

**COUNT I – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES AC**

23.     MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

24.     MRS admits Paragraph 24.

25.     MRS admits Paragraph 25.

26.     MRS admits Paragraph 26.

27.     MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 27 and therefore denies Paragraph 27.

28.     MRS denies all allegations in Paragraph 28.

29.     MRS denies all allegations in Paragraph 29.

30.     MRS denies all allegations in Paragraph 30.

## FIRST AFFIRMATIVE DEFENSE

31.     To the extent that MRS is found to have violated the law, such violations were unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error, and thus, the complaint must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

33.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority.

## FIFTH AFFIRMATIVE DEFENSE

35.     The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

WHEREFORE, Defendant Midwest Recovery Systems, LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

Dated: March 13, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com